**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMYRA R. STOCKER,**<br>**PLAINTIFF,**<br><br>**V.**<br><br>**DOUG COLLINS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS,**<br>**DEFENDANT.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 3:24-CV-3050-S-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court for the entry of findings and a recommended disposition is the *Motion for Summary Judgment*, Doc. 29, filed on behalf of Defendant Doug Collins, Secretary of the United States Department of Veterans Affairs[1] ("the Secretary").

For the reasons detailed below, the Secretary's motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

This is an employment discrimination case. Plaintiff Timyra Stocker began working for the Department of Veteran Affairs ("VA") in 2021 as a Community Care registered nurse under

[1] Secretary Doug Collins is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d). Under Title VII, "the proper defendant is 'the head of the department, agency, or unit, as appropriate.'" *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (citing 42 U.S.C. § 2000e-16(c)).

the supervision of Jeffrey Allen. Doc. 31-1 at 28. Community Care nurses coordinate medical treatment with outside providers for veterans whose care cannot be provided directly through the VA.

In March 2022, Stocker and six other nurses filed an Equal Employment Opportunity ("EEO") complaint against Allen, alleging that he yelled at and harassed employees. Doc. 31-2 at 15-35. During the agency's investigation, management temporarily reassigned Stocker and the other complaining nurses to a different supervisor. Doc. 31-2 at 14. After the investigation, management partially substantiated the allegations against Allen and recommended training and an admonishment, but did not remove him as a supervisor. Doc. 31-2 at 29-34. Allen resumed supervising Stocker in July 2022. Doc. 31-3 at 174.

In June 2022, before Allen resumed supervising Stocker, Stocker filed a second EEO complaint, alleging that Debra Bailey improperly reassigned her to a supervisor other than Allen during the investigation and that Allen intimidated her, creating a hostile work environment. Doc. 31-1 at 28. In February 2023, Stocker amended her second EEO complaint to add allegations that Allen delayed processing her annual performance review—which delayed her 2022 year-end bonus—and that she was erroneously placed on a flu vaccine noncompliance list. Doc. 31-1 at 36-39, 58-59. Stocker also alleged that Allen failed to "take appropriate corrective action" against other nurses who complained about the nurses who filed the first EEO complaint. Doc. 31-1 at 38.

In September 2024, an administrative law judge ("ALJ") granted the VA's motion for summary judgment with respect to all the claims in Stocker's second EEO complaint. Doc. 31-3 at 80-103. Subsequently, in December 2024, Stocker filed the instant action in this Court, asserting only a retaliation claim under Title VII. Doc. 3.

The Secretary now brings his *Motion for Summary Judgment,* Doc. 29. Stocker filed a Response, Doc. 33, the Secretary filed a Reply, Doc. 37-2, and Stocker filed a "Supplemental Response," Doc. 41.

## II. Applicable Law

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all factual controversies in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (citation omitted). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's claim, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[When] the

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## III. Analysis

### A. Stocker's Retaliation Claim was Properly Exhausted.

The Secretary argues he is entitled to summary judgment on Stocker's Title VII retaliation claim because it was not asserted in her second EEO complaint and as such, did not fall within the scope of the EEOC investigation and could not reasonably be expected to grow out of her charge of hostile work environment. Doc. 30 at 22. The Court disagrees.

Section 717 of the Civil Rights Act of 1964 permits most federal employees to seek relief from discriminatory employment practices in federal court. *See* 42 U.S.C. § 2000e-16(c); *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). But before seeking judicial relief, employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency. *Pacheco,* 448 F.3d at 787.

The scope of the exhaustion requirement balances two competing policies. On one hand, as most complaints are initiated *pro se*, the scope of an EEO complaint should be construed liberally. *Id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)). On the other hand, a primary purpose of the EEO process is to trigger investigatory and conciliatory procedures in an attempt to achieve nonjudicial resolution of employment discrimination claims. *Pacheco*, 448 F.3d at 788-89. Allowing claims well-beyond the scope of an EEO complaint to proceed in subsequent lawsuits would "circumvent the statutory scheme, since [it] clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Id.* at 789.

In light of that balance, the claims an employee can bring in a lawsuit are limited to the scope of the EEO investigation and that can "reasonably be expected to grow out of the charge of discrimination." *Madaki v. American Airlines, Inc.*, No. 4:21-cv-760, 2022 WL 227163, at *2 (N.D. Tex. Jan. 25, 2022) (Pittman, J.). Courts look slightly beyond the four corners of an administrative charge to its substance rather than its labels. *See Pacheco*, 448 F.3d at 789. In other words, a plaintiff's failure to check the right box on an administrative charge is not fatal to a claim that could reasonably be expected to grow out of the administrative charge. *See Sanchez*, 431 F.2d at 463 ("[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error.").

The evidence presented by the Secretary establishes that Stocker's second EEO complaint filed in 2022 and amended in 2023 alleged only a hostile work environment. Doc. 31-1 at 36-39. In a September 2023 Initial Conference Order, however, the ALJ stated that a retaliation claim was being added to Stocker's already existing factual allegations. Doc. 31-2 at 151. The VA argued for dismissal of Stocker's retaliation claim in its summary judgment motion in the administrative proceedings. Doc. 31-2 at 165-168. And the ALJ subsequently granted summary judgment on that claim. Doc. 31-3 at 81.

Here, a central allegation of Stocker's second EEO complaint is that Jeffrey Allen and Debra Bailey created a hostile work environment for Stocker after she filed the first EEO complaint about Allen. *See* Doc. 31-1 at 37-38. Although retaliation was not formally added to Stocker's second EEO complaint until September 2023, her claim is in essence that a hostile work environment was created in retaliation for filing the first EEO complaint. Thus, a retaliation claim could reasonably be expected to grow out of the administrative charge.

Because Stocker's Second EEO complaint provided sufficient notice of the retaliation claim, the Court need not address whether the ALJ's later addition of that claim satisfied the administrative exhaustion requirement. Thus, the Secretary is not entitled to summary judgment on Stocker's retaliation claim for failure to exhaust administrative remedies.

**B. The Secretary is Entitled to Summary Judgment on Stocker's Retaliation Claim**

The Secretary also argues that he is entitled to summary judgment on Stocker's retaliation claim because she has not established a *prima facie* case for retaliation. Doc. 30 at 25.

Title VII provides that it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice" by Title VII or because she has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). Federal employees have "the same rights as private employees" under § 2000e-16(a) to be free from retaliation. *Porter v. Adams*, 639 F.2d 273, 277-78 (5th Cir. 1981); *Brazoria County v. EEOC*, 391 F.3d 685, 690-91 (5th Cir. 2004) ("In short, § 2000e-16 bars retaliation.").

Title VII claims relying on circumstantial evidence are analyzed under the familiar *McDonnell-Douglas*[2] burden-shifting test. *See Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 867 (5th Cir. 2016) (Title VII); *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (retaliation). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must present evidence that: "(1) [the plaintiff] engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and the

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (cleaned up); 42 U.S.C. § 2000e-3.

In this instance, if Stocker establishes a *prima facie* case of retaliation, the burden shifts to the VA to proffer a legitimate, nonretaliatory reason for its actions. *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 171 (5th Cir. 2014). The Secretary need only articulate a lawful reason, regardless of its persuasiveness or credibility. *Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993). If the Secretary meets this burden, Stocker can still prevail by showing that the VA's reasons are pretext for retaliation. *Id.* "An employee seeking to show pretext must rebut each discrete reason proffered by the employer." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (citing *Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010)).

Here, the Secretary disputes multiple elements of Stocker's *prima facie* retaliation case. Doc. 30 at 18-37. For the sake of judicial economy and because, as detailed *infra*, Stocker has failed to rebut the Secretary's legitimate, nonretaliatory reasons for the alleged adverse employment actions at step three of the analysis, the Court assumes without deciding that Stocker has established a *prima facie* case of retaliation under Title VII. *See Johnson v. Bd. of Supervisors of La. State Uni. and Mech. Coll.*, 90 F.4th 449, 461 (5th Cir. 2024) (declining to address arguments related to the plaintiff's *prima facie* case because "it is clear that [plaintiff] fails under the third step of the *McDonnell Douglas* burden-shifting framework: [the employer] provided a legitimate, non-retaliatory reason . . . and [plaintiff] advances no evidence of pretext to create a genuine dispute").

Accordingly, the burden shifts to the Secretary to articulate legitimate, nonretaliatory reasons for the VA's employment actions.

***1. The Secretary has proffered legitimate, nonretaliatory reasons for the employment actions.***

The Secretary argues that even if Stocker has stated a *prima facie* claim, the VA has legitimate nonretaliatory reasons for its actions. Doc. 30 at 34.

Stocker lists several adverse actions that she purports were in retaliation for her report of harassment, including that: (1) Allen delayed issuing Stocker's 2022 "Proficiency Review," (2) Stocker was erroneously marked as not receiving her flu vaccine, (3) Allen made unnecessary contact with Stocker while the agency investigation was ongoing, and (4) Allen delayed issuing Stocker's 2022 year-end bonus. Doc. 31-1 at 37.

In response, the Secretary asserts, and provides support for, nonretaliatory reasons for the complained-of actions. For example, Allen was routinely late in submitting performance reviews, and when he was informed of the delay, Allen promptly submitted Stocker's performance review. Doc. 31-4 at 7-8 (Allen Decl.). The head of the VA's human resources department similarly averred that for fiscal year 2022, every nurse supervised by Allen received a late performance review and performance bonus. Doc. 31-5 at 6 (Hawkins Decl.). And the same tardy sequence also occurred in 2023 and 2024. Doc. 31-5 at 7 (Hawkins Decl.). Further, Allen contacted Stocker only for legitimate work-related reasons, to-wit: to correct Stocker's timecard, obtain access to a folder for an audit, and arrange patient care. Doc. 30 at 35; Doc. 31-4 at 4-6. Finally, Stocker was placed on a vaccine noncompliance list because her flu vaccine waiver lacked a valid signature. Doc. 31-4 at 8-9 (Allen Decl.).

***2. Stocker has not raised a genuine dispute of material fact as to whether the Secretary's proffered reasons are pretext for retaliation.***

"An employee seeking to show pretext must rebut each discrete reason proffered by the employer." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015).

Moreover, "[t]o establish pretext, a plaintiff cannot merely rely on his subjective belief that discrimination has occurred; rather, he has the ultimate burden of persuasion in proving intentional discrimination throughout the case." *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997).

Stocker makes no attempt to rebut either of the VA's legitimate, nonretaliatory reasons or show that the VA's reasons are merely pretextual. This "failure to rebut nondiscriminatory alternatives is fatal to her employment discrimination claim." *Cutrer v. Tarrant Cnty. Workforce Dev. Bd.*, No. 4:18-cv-159, 2020 WL 6504569, at *4 (N.D. Tex. Nov. 5, 2020) (O'Connor, J.) (citing *Burton*, 798 F.3d at 240); *Dalton v. Kroger Texas L.P.*, No. 4:22-cv-865-ALM-BD, 2025 WL 1552810, at *5-6 (E.D. Tex. May 16, 2025), *adopted by* 2025 WL 1840664 (E.D. Tex. July 3, 2025) (granting summary judgment for employer because plaintiff "made no attempt to rebut [the employer's] legitimate reason for her termination," but asserted that her termination was "retaliatory in nature").

In sum, Stocker has failed to demonstrate the existence of a genuine dispute of material fact by failing to rebut the VA's legitimate reasons for the complained-of actions in her response and supplemental response to the Secretary's motion for summary judgment. Accordingly, summary judgment should be granted in favor of the Secretary on Stocker's retaliation claim under Title VII.[3]

[3] Moreover, to the extent that Stocker is asserting a claim for "retaliatory hostile work environment," the Fifth Circuit has declined to expressly recognize such a cause of action. *Minor v. Uni. of Tex. Sw. Med. Ctr.*, No. 3:12–cv-36, 2013 WL 3477223, at *6 (N.D. Tex. July 10, 2013) (Fish, J.) (citing *Fallon v. Potter*, 277 F. App'x 422, 424 & n.3 (5th Cir. 2008) and *Bryan v. Chertoff*, 217 F. App'x 289, 293 (5th Cir. 2007)). "In the instances in which the cause of action was presented, the Fifth Circuit declined to reach the issue whether it recognizes the validity of the cause, itself, and each time found the plaintiff failed to establish a *prima facie* case of retaliatory hostile work environment, even if such a claim existed." *McClure-Soto v. Bexar County*, No. 5-21-cv-66-JKP, 2022 WL 180279, at *8 (W.D. Tex. Jan. 18, 2022) (collecting

## IV. CONCLUSION

For the foregoing reasons, the Secretary of the Department of Veterans Affairs' *Motion for Summary Judgment*, Doc. 29, should be **GRANTED**. Plaintiff Stocker's Title VII retaliation claim should be **DISMISSED WITH PREJUDICE**. As no claims will remain pending, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on October 23, 2026.



RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

cases). "Recognizing this lack of clarity, trial courts have granted summary judgment on a retaliatory hostile work environment cause of action because the Fifth Circuit does not officially recognize the cause of action." *Green v. McDonough*, No. 5-22-cv-423-JKP, 2022 WL 17330852, at *4 (W.D. Tex. Nov. 28, 2022) (citing *Minor*, 2013 WL 3477223, at *11). The VA is thus entitled to summary judgment as to any retaliatory hostile work environment claim.